UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EUGENE TOWLES,<br><br>        Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 13-01234-DFM<br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff Eugene Towles appeals from the denial of his application for Social Security benefits. On appeal, the Court concludes that the administrative law judge ("ALJ") erred in assessing the medical opinion of Plaintiff's treating physician. Therefore, the Court reverses the ALJ's decision and remands this matter for further administrative proceedings.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff filed applications for supplemental insurance income and disability insurance benefits alleging disability beginning May 2, 2006. AR 10. In assessing Plaintiff's claim, the ALJ followed the required five-step decision-

making process mandated by 20 C.F.R. 404.1520. In his unfavorable decision, the ALJ determined that Plaintiff suffered from several severe impairments, but concluded that he was not disabled because his residual functional capacity ("RFC") permitted him to perform his past relevant work. Administrative Record ("AR") 10-17.

In making his RFC assessment, the ALJ considered but discredited the medical opinion of Plaintiff's treating physician, orthopedic surgeon Dr. Joseph Hohl, M.D. Dr. Hohl's medical opinion is reflected in his treatment notes, as well as a disability assessment form supplied by Plaintiff's counsel, which Dr. Hohl completed and signed. AR 471-83. The treatment notes contain a narrative evaluation of Plaintiff's physical health, taken during his first visit with Dr. Hohl on December 13, 2010, along with handwritten notes that appear to reflect subsequent contacts with Plaintiff. AR 476. The disability assessment form, also completed on December 13, 2010, details various occupational limitations imposed by Plaintiff's physical impairments, including limits on his ability to lift objects; to sit, stand, and walk; to perform various postural activities; to reach, push, and pull; and to work in the vicinity of hazards. AR 478-80. Dr. Hohl's evaluation was the most recent medical assessment of Plaintiff's impairments discussed by the ALJ. See AR 13-16. In making an RFC determination, the ALJ discredited Dr. Hohl's opinion, noting:

> Dr. Hohl's conclusions are based on one examination and are not supported by the totality of the medical evidence of record, as well as his own progress notes. For these reason [sic], the undersigned finds no reason to give controlling weight to the opinions of Dr. Hohl as a treating source, as they are not supported by objective evidence in his records and are inconsistent with the other substantial evidence of record.

AR 16.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ failed to properly credit the treating physician opinion of Dr. Hohl. See Memorandum in Support of Plaintiff's Complaint ("Plaintiff's Br.") at 3-9; Defendant's Memoranda in Support of Defendant's Answer ("Defendant's Br.") at 3-9.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). If the evidence can reasonably support either affirming or reversing, the Court may not substitute its judgment for that of the ALJ. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

///

///

## IV.
## The ALJ Failed to Properly Consider the Medical Opinion
## of Plaintiff's Treating Physician

The sole disputed issue concerns the ALJ's evaluation of the medical opinion of Dr. Hohl, Plaintiff's treating physician. See Plaintiff's Br. at 3-9; Defendant's Br. at 3-9.

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989); see also 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (noting that "[a] treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record"); Magallanes, 881 F.2d at 751.

///
///

The ALJ provided the following explanation for why he declined to give weight to Dr. Hohl's opinion as to Plaintiff's occupational limitations: "Dr. Hohl's conclusions are based on one examination and are not supported by the totality of the medical evidence of record, as well as his own progress notes." AR 16.[1]

The ALJ's explanation that Dr. Hohl's conclusions "are not supported by the totality of the medical evidence of record" is not a "specific and legitimate" reason for rejecting Dr. Hohl's medical opinion because it constitutes the same kind of non-specific language rejected by the Ninth Circuit in <u>Embrey v. Bowen</u>, 849 F.2d 418 (9th Cir. 1988). There, the Ninth Circuit observed:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. . . . The subjective judgments of treating physicians are important, and properly play a part in their medical evaluations. Accordingly, the ultimate conclusions of those physicians must be given substantial weight; they cannot be disregarded unless clear and convincing reasons for doing so exist and are set forth in proper detail.

<u>Id.</u> at 421-22.

The ALJ's explanation that Dr. Hohl's conclusions are not supported by

---

[1] The Court is unable to consider any reason not articulated by the ALJ. See <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003); <u>Ceguerra v. Sec'y of Health & Human Svcs.</u>, 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

"his own progress notes" finds no support in the record. From the face of the disability assessment form completed by Dr. Hohl, it appears that his findings regarding Plaintiff's limitations were supported by specific objective medical findings, which also appeared in his treatment notes. See AR 476, 478-80; Plaintiff's Br. at 5-6. [2] To the extent that the ALJ determined these findings to be insufficient to support the assessed limitations, he did not articulate any specific reasons for doing so.

The remaining reason provided by the ALJ was the fact that Dr. Hohl only examined Plaintiff once. The Court acknowledges that the ALJ may properly consider the "[l]ength of the treatment relationship and the frequency of examination" by the treating physician when assessing a treating physician's medical opinion. See 20 C.F.R. § 416.927(c)(2)(i). Because, however, Dr. Hohl's medical opinion was the most recent of the medical examinations cited by the ALJ and appears on its face to be supported by objective medical findings, the Court cannot uphold the ALJ's decision to discredit it only on the basis of Dr. Hohl's short treatment history with Plaintiff. Accordingly, the

---

[2] Although Dr. Hohl's handwritten annotations are difficult to decipher, Plaintiff has provided what appears to the Court to be a reasonable approximation of their content:

> Based on his examination which showed deterioration of Plaintiff's condition, Dr. Hohl rendered opinions of Plaintiff's physical limitations (AR 478-80). . . . He stated that those opinions were supported by the degenerative changes to Plaintiff's spine and right hip (AR 479). He also precluded [various postural activities and] indicated limitations in lifting overhead and in pushing and pulling (AR 479). . . . He stated that the opinions were supported by the '[illegible] and limited range of motion of shoulder and back' (AR 479).

Plaintiff's Br. at 5-6.

Court finds that the ALJ did not make a proper record of specific and legitimate reasons for rejecting the treating physician's opinion.

## V.

## CONCLUSION

The law is well-established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603. Remand for further proceedings is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Remand for the payment of benefits, on the other hand, is appropriate where no useful purpose would be served by further administrative proceedings, see, e.g., Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been thoroughly developed and the law "direct[s] the conclusion" that the claimant is disabled, see, e.g., Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would simply delay the receipt of benefits, see, e.g., Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

In the Ninth Circuit, "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)); see also Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). When this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that

testimony. Benecke, 379 F.3d at 593.[3]

Weighing in favor of a remand for further administrative proceedings here is the fact that this is not an instance where no useful purpose would be served by further administrative proceedings. Rather, additional administrative proceedings conceivably could remedy the defects in the ALJ's decision. Moreover, Plaintiff appears to concede that remand for further administrative proceedings is appropriate. Plaintiff's Br. at 10.

Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[4]

Dated: January 3, 2014

DOUGLAS F. McCORMICK
United States Magistrate Judge

---

[3] In Connett, 340 F.3d at 876, a panel of the Ninth Circuit held that courts "have some flexibility in applying the 'crediting as true' theory," and remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true. But see Deleo v. Astrue 374 F. App'x 743, 744 (9th Cir. 2010) (noting that "even under the line of cases holding that the credit-as-true rule is discretionary, it is an abuse of discretion to remand for further proceedings where . . . no further proceedings are necessary to make a disability determination and it is clear from the record that the claimant is entitled to benefits") (citing Connett and Benecke).

[4] It is not the Court's intent to limit the scope of the remand.

8